KIRBY, J.
concurring in part and dissenting in part.
In Fourroux v. Board of Commissioners for the Orleans Levee District, 02-0374 *672 (La.App. 4 Cir. 1/8/03), 837 So.2d 698 this court held that the OLD resolution of 1994, extending the lease of certain water bottoms, and accepted by plaintiff-lessees, clearly set forth rental rates and contained no ambiguity regarding rental terms. In Fourroux the plaintiffs accepted the offer to extend their leases past their 2007 expiration date. This extension was based on Resolution No. 11-022394. Plaintiffs brought suit after the Board adopted the 2000 Resolution , increasing the rental in the amended leases. This court affirmed the trial court, holding the lease agreements were unambiguous and set forth clear rental rates through July 2022. 2002-0374 (La.App. 4 Cir. 1/08/03) at 6; 837 So.2d 698 at 702. Further, the court stated that “terms and conditions” of the 1994 Resolution were to be determined by the Marina Committee, not the Board. Id. Because the Marina Committee did not develop the increased rental provisions adopted in 2000, the rent must be determined from reading the monetary consideration expressed in the contract.
|aCourts are bound to give legal effect according to the intent of the parties to the contract and the intent must be resolved by the words of the contract when the words are clear, explicit, and lead to no absurd consequences. Kennedy v. Sanco Louisiana, Inc., 573 So.2d 505 (La.App. 4 Cir.1990). Additionally, the rule of the strict construction of a contract does not allow the distortion of language or the creation of ambiguity where none exists. Id. It also does not allow the courts to make a new contract or introduce specific terms where the language used expresses the true intent of the parties. Id. Fourroux, supra, established that the extension resolutions passed by the Board and accepted by the plaintiffs in 1995 should be strictly construed and that they do contain the true intent of the parties in establishing the rental rate. The plaintiffs in the present matter accepted the same offers of extension as the- Fourroux plaintiffs did one year earlier; therefore, the resolutions being questioned in the present matter should be determined to be binding and valid, as we determined them to be in the Fourroux decision.
OLD successfully argued to the court below that it could not apply Fourroux to the present matter because that would violate the parol evidence rule. Appellee likens applying Fourroux here to calling an attorney to testify as an expert witness on the law. See Martello v. City of Ferriday, 01-1240 (La.App. 3rd Cir.3/6/02), 813 So.2d 467, asserting Louisiana courts have held it is proper to exclude such evidence in limine. However, applying prior appellate decisions to a pending trial court case is permitted as a persuasive source of law. Further, the Louisiana Supreme Court has established that while prior judicial decisions are persuasive and not conclusive because they can be overruled or distinguished, adopting a position contrary to an existing decision is inappropriate in the absence of some compelling reason for change. State of Louisiana v. South Central Bell Telephone Company, 619 So.2d 749 (La.1993).
LThe decision in Fourroux was a reasonable one that determined that the lease was governed by the “Fourroux ” lease amendments and not the more recent more expensive amendments the Board wanted to impose. Because the same issue was presented in this case, the trial court should have applied the Fourroux rationale to the present matter. To reiterate, I find these lease terms and extensions to be indistinguishable from those in Fourroux. Therefore, I find the trial court erred in arriving at a contrary result.

Leaseholds Purchased in 1999 & 2000

Nevertheless, I would distinguish the cases of plaintiffs Otto Candies, Jr., Fair- *673 view Realty, Candy Fleet Corporation and Clifford Duplessey. The original 1972 lease prohibited the transfer or assignment of the lease without the lessor’s approval. These plaintiffs purchased their leaseholds in 1999 and 2000. As a condition of the Board’s approval of their purchase and assumption of the lease, the Board required the foregoing plaintiffs to execute a letter agreeing to the new terms, including the increased rental, that are at issue in this suit.
In the same way that OLD and the Board are bound by their prior agreements as we found in Fourroux, so too are these plaintiffs bound by their agreements. Therefore, as concerns this subset of plaintiffs, I would affirm the trial court judgment and dismiss their cases.